NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA GUADALAUPE TAPIA-HERNANDEZ,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting Attorney General,

Respondent.

No.    16-73811

Agency No. A076-846-703

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Maria Guadalaupe Tapia-Hernandez, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' order summarily

dismissing her appeal from an immigration judge's ("IJ") order denying her motion

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Tapia-Hernandez's motion to reopen based on lack of notice, where the Notice to Appear was sent by certified mail to her correct address, she did not show that the certified mail receipt was not signed by a responsible person at that address, and her counsel appeared in court on the date of her hearing. *See* 8 U.S.C. §§ 1229(a)(1), 1229a(b)(5)(A), (C)(ii); *cf. Chaidez v. Gonzales*, 486 F.3d 1079, 1083-86 (9th Cir. 2007) (service of an Order to Show Cause sent by certified mail is effective when the return receipt is signed by the alien or a *responsible person* at the alien's address (emphasis added)).

The agency also did not abuse its discretion in denying Tapia-Hernandez's motion to reopen where she did not establish that exceptional circumstances prevented her from attending her 1998 hearing. *See* 8 C.F.R. § 1003.23(b)(4)(ii); 8 U.S.C. § 1229a(e)(1).

We reject Tapia-Hernandez's contention that the IJ failed to address evidence or arguments. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010).

2

**PETITION FOR REVIEW DENIED.**